JOHN S. GLIDDEN, in equity,

*vs.*

LIZZETT KORTER AND ETTA GLIDDEN.

Knox.    Opinion May 12, 1897.

*Equity.    Specific Performance.*

To justify the court sitting in equity to compel specific performance and compel a defendant to make a conveyance, the plaintiff must show that he has a clear title to the conveyance prayed for. A doubtful or contingent title is not sufficient; it must be a complete and perfected title.

*Held;* that the plaintiff does not have such a title. His right to the conveyance prayed for depended upon the happening of a future event, and the event has not happened.

The language of the bond for a deed held by the plaintiff was this : "The deed, at the end of one year from date, to be given at the request of the said John S. Glidden, (the obligee) provided the said Jones and Glidden agree." The obligor Jones died within the year; and the agreement and the demand for a deed were never made. *Held;* that the right to the deed was contingent. It depended upon the happening of a future event, an event which might or might not happen; and such a right is contingent. If the event happened, the right is perfected. If it does not happen, the right remains imperfect.

ON REPORT.

Bill in equity, heard on bill, answer and testimony.

This was a bill in equity to compel the heirs of Sarah J. Jones, deceased, to make a conveyance of the real estate described in a bond given by her to the plaintiff, bearing date August 11, 1893, and of the following tenor :

" Know all men by these presents, that I, Sarah J. Jones of Washington in the County of Knox, stand firmly bound and obliged unto John S. Glidden, his heirs and assigns, in the sum of one thousand dollars to the payment of which I bind myself and my heirs firmly by these presents.

" Sealed with my seal and dated the eleventh day of August, A. D. 1893.

" The condition of this obligation is such that whereas the said

Sarah J. Jones has this eleventh day of August, A. D., 1893, agreed to deed in one year from date the land deeded to her by Nancy Tribou, May 19, 1888, and recorded in Knox Registry of. Deeds, Book 75, Page 580, to which reference may be had for a more particular description. Also at her death that all personal property which she may die possessed to be the sole property of the said John S. Glidden. The deed at the end of one year from date to be given at the request of said John S. Glidden, provided the said Jones and Glidden agree. The said Glidden or his heirs shall well and truly support the said Sarah J. Jones at her house in Washington, meaning the Jones house, provide her with suitable clothing and food, care in sickness, medicine and medical attendance. The said Glidden to pay all taxes legally assessed upon said property. The said Jones to have the use of the front room in the chamber and front room below fronting the hotel. The main travel in and out of said house by said inmates to be from the back or rear door.

" The said Glidden to keep said buildings in good repair. The said Glidden to furnish said Jones a suitable team to ride on suitable occasions.

" Now, if the said John S. Glidden shall well and truly perform all the conditions set forth in the foregoing, then this bond shall be void, otherwise to remain in full force and virtue.

　　　　　　　　　　　　　　　　　Sarah J. Jones. [Seal.]

*Signed, sealed and delivered*
　　　*in presence of*
　　　L. M. Staples."

Other facts appear in the opinion.

*T. P. Pierce*, for plaintiff.

Construction and effect of bond: Counsel cited *Linscott* v. *Buck*, 33 Maine, 534.

Plaintiff and wife competent witnesses: *Woodbury* v. *Gardner*, 77 Maine, 68; *Pierce* v. *Rollins*, 83 Maine, 117.

Death of Mrs. Jones: *Paine v. Miller*, 6 Ves. 349; *Coles* v. *Trecothic*, 9 Ves. 244; 1 Beach, Mod. Eq. § 31; *Thompson* v.

*Gould,* 20 Pick. 134; 3 Pom. Eq. § 1400; *Miller* v. *Nicholas,* 1 Bailey, (So. Car.) 226; *Woodbury* v. *Gardner,* supra.

*C. E. and A. S. Littlefield,* for Mrs. Korter.

Plaintiff and wife not competent witnesses: *Jones* v. *Simpson,* 59 Maine, 180; *Hinckley* v. *Hinckley,* 79 Maine, 320.

Contract not binding: *Buckmaster* v. *Consumers Ice Co.,* 5 Daly, 316; *Huff* v. *Shedard,* 58 Missouri, 247; 2 Addison on Contracts, ed. 1883, Abbott's notes, p. 1147 and notes.

SITTING:   WALTON, EMERY, WHITEHOUSE, WISWELL, STROUT, JJ.

WALTON, J.   This is a suit in equity.   The plaintiff says that in consideration of an agreement on his part to support one Sarah J. Jones, she agreed to convey to him her real estate, and that, at her death, he should have all of her personal property, and that she died without having conveyed her real estate to him; and he prays that her two daughters, who are her only heirs, and one of whom is his own wife, may be compelled to make the conveyance. His wife does not resist; but the other daughter (Mrs. Korter) does.

There is no doubt of the power of the court to make such a decree; but to justify its exercise, the plaintiff must show that he has a clear title to the conveyance prayed for.   A doubtful or a contingent title is not sufficient.   It must be a complete and perfected title.

We do not think the plaintiff has or ever had such a title.   His right to the conveyance prayed for was contingent at the beginning, and it has never been perfected.   His right to the conveyance prayed for depended upon the happening of a future event, and the event has not happened.

The contract on which the plaintiff relies is found in the conditions of a bond given by Mrs. Jones to him.   The contract is very imperfectly stated, and it is not free from ambiguity.   But we infer from the language used that Mrs. Jones, at least, and perhaps the plaintiff, were apprehensive that they might not be able to live

together pleasantly; for it was stipulated that the deed to the plaintiff should not be given till the expiration of a year, and that it should not then be given, unless they should be able to agree. The language of the bond is this: "The deed, at the end of one year from date, to be given at the request of the said John S. Glidden, provided the said Jones and Glidden agree."

It is plain therefore that the right to a deed was contingent. It depended upon the happening of a future event, an event which might or might not happen. Such a right is contingent. If the event happens, the right is perfected. If it does not happen, the right remains imperfect.

In this case the event did not happen. Mrs. Jones died within the year. She lived with the plaintiff only three months, at the end of which time she died of pneumonia, having been sick only eight days. The year's test was cut short, and the agreement, and the demand for a deed, which were necessary to complete the plaintiff's right to a conveyance, were never made. No obligation rested upon Mrs. Jones at the time of her death to make the conveyance prayed for, and of course no such obligation descended to her heirs.

The support furnished Mrs. Jones was in her own house. She did not go to the plaintiff's house; he moved into her house. And the plaintiff concedes that the entire expense incurred by him for her support, including her doctor's bill, in addition to her seat at his table, would not exceed forty or fifty dollars. He had the use of her furniture and her carriages; and since her death, he has retained the possession of her furniture; and his wife has claimed the right to dispose of her mother's clothing; and she has sold one article of it (a fur-lined cape) for twenty-two dollars. Mrs. Jones left about two hundred and fifty dollars in a savings bank, and the plaintiff has kept the savings bank book. Surely, the balance due the plaintiff, if anything, upon a quantum meruit, must be very small. His own wife is one of the two heirs of the deceased; and, of course, inherits one-half of her estate. And it seems to the court that it would be very harsh indeed to compel the other daughter (Mrs. Korter) to convey her interest in her mother's real

estate to the plaintiff upon a claim so weak. And the court declines to do it.

*Bill dismissed, with costs for Mrs. Korter.*